**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Monroe VAUGHN, Defendant-Appellant.**

No. 73-1722.

United States Court of Appeals, Sixth Circuit.

Argued April 1, 1974.

Decided May 3, 1974.

Donald M. Kresge, Ada, Ohio (Court-appointed), on brief, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., Clarence B. Taylor, Asst. U. S. Atty., Cleveland, Ohio, on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Appellant was convicted after jury trial in the United States District Court for the Northern District of Ohio on a charge of possession of stolen mail matter, in violation of 18 U.S.C. § 1708 (1970).

The principal issue briefed and argued before us on this appeal concerns appellant's claim that his refusal to sign a written waiver of his *Miranda* rights rendered inadmissible the product of any interrogation which had been conducted in relation to this case. It is conceded that the postal inspectors who interrogated appellant read him his full *Miranda* rights and there is nothing to contradict the District Judge's ruling that his subsequent identification of himself and his subsequent answers to questions were voluntarily given.

The Fifth Circuit has held: "[W]hen all the circumstances indicate that the defendant knew of his right to remain silent and intelligently waived that right, the refusal to sign a written waiver does not render a confession inadmissible." United States v. Johnson, 455 F.2d 311, 314 (5th Cir. 1972). This language was recently quoted in support of this court's refusal "to adopt . . . a narrow construction of Miranda" in a fact situation somewhat parallel to our instant case. Hill v. Whealon, 490 F.2d 629 (6th Cir. 1974). We now express agreement with the Fifth Circuit's view that the refusal to sign a written waiver, standing alone, does not render inadmissible statements or evidence voluntarily given after full warnings.

As we read this record, there was ample evidence from which the jury could have concluded (beyond reasonable doubt) that appellant knowingly sought to cash a stolen welfare check made out to another party, and was caught red-handed in the act.

No other appellate issues of substance are presented and the judgment of conviction is affirmed.