**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Raymond CAULTON,**
**Defendant-Appellant.**

**No. 73-1679.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1974.

Decided May 29, 1974.

Certiorari Denied Oct. 21, 1974.
See 95 S.Ct. 178.

**413**

James D. London, Cleveland, Ohio, William T. Wuliger, Cleveland, Ohio (Court appointed), for defendant-appellant.

Fred J. Guzzo, Asst. U. S. Atty., Frederick M. Coleman, U. S. Atty., Nancy Schuster, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Defendant in this case was convicted for passing counterfeit $10 bills, in violation of 18 U.S.C. § 472 (1970). He received two concurrent two-year terms.

Appellant's position at trial was that he passed these bills, but that he had won them in gambling encounters and that he had no knowledge that they were counterfeit. The government produced an agent, who testified, after qualification as an expert witness, that the bills were "non-deceptive." Our own inspection of these exhibits persuades us that the jury could have reached the same conclusion and hence that they had ample evidence before them as to appellant's knowledge that the bills he was passing were counterfeit.

Appellant's principal legal contention appears to be that his statements about passing the bills made to a Treasury Agent had been involuntary. He admits, however, that he had made the statements after receiving full *Miranda* warnings. He claims no abuse or coercive tactics on the part of the agents. He relies principally on the fact that he did not sign any waiver form for establishing involuntariness.[1] This Court has recently dealt with this precise issue and held:

" . . . the refusal to sign a written waiver, standing alone, does not render inadmissible statements or evidence voluntarily given after full warnings."

United States v. Vaughn, 496 F.2d 622 (6th Cir. 1974).

Appellant also contends that he suffered a deprivation of rights because the government did not comply with his request for full discovery of its file. He points to no statutory or case law enti-

[1] The transcript of appellant's trial testimony indicates that he did sign a waiver form for the Youngstown police but was not asked to and did not sign either a waiver form or the transcript of his own statement when shown them by federal agents.

tling him to such discovery. Our review of this record convinces us that the District Judge went to great pains to comply with both the Jencks Act, 18 U.S.C. § 3500 (1970), and the Supreme Court ruling in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Appellant also contends that he was made subject of "unnecessarily suggestive" identification procedures by the Youngstown Police contrary to the rule of Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). A witness who had received one of the counterfeit bills was shown pictures which included one of appellant and failed to make any identification. Thereupon the policeman who had been talking to the witness left him in the room and some moments later walked by in the hall with appellant. On the policeman's subsequent return to the room where the witness was, the witness immediately identified the man who had walked by as the one who had given him the counterfeit.

The government relies upon the fact that no suggestion that the police had in custody or would show or had shown a suspect was made to the witness. Over and above this contention, we, of course, have clearly in mind the far more suggestive procedure which the Supreme Court held not impermissibly suggestive in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

 *Biggers*, was, however, a habeas corpus proceeding where the state court trial preceded the *Stovall* decision, and we prefer to hold that, as the District Judge found, the witness here had an entirely adequate independent source for his in-court identification. Further, if there was error in the identification procedures here employed, it was harmless error (*see* Rule 52(a), Federal Rules of Criminal Procedure and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)) under the facts of this case where appellant freely admit-

ted passing the bills contending only that he had no knowledge that they were counterfeit.

Noting no other appellate issue of merit, the judgment of the District Court is affirmed.