**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Samuel STARK, Defendant-Appellee.**

**No. 79–5075.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 1, 1979.

Decided Nov. 14, 1979.

Hal D. Hardin, U. S. Atty., Margaret M. Huff, Joe B. Brown, Nashville, Tenn., for plaintiff-appellant.

Robert L. Tucker, Nashville, Tenn., for defendant-appellee.

Before EDWARDS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM.

The United States appeals from a grant by a District Judge in the Middle District of Tennessee of defendant Stark's pretrial motion to suppress defendant's confession. Defendant had been charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1976).

Such facts as are in this record are derived exclusively from a hearing before the District Court on defendant's motion to suppress evidence at the hearing. An officer of the Metropolitan Vice Squad in Nashville testified to receiving from a confidential source information concerning defendant's trafficking in cocaine, and subsequently the information that he had gone to and was returning from Florida with four or five ounces of cocaine on his person. The officer testified that the confidential informant had previously given information resulting in excess of 35 arrests and in excess of 25 convictions. After confirming that Mr. Stark's automobile was at the Nashville airport in a parking lot, the officer participated in setting up a surveillance with Drug Enforcement Administration agents as to incoming flights; and with the identification available, agents followed defendant until he entered the automobile previously identified as his and stopped it. Defendant was then arrested and searched. Two zip lock bags of white powder and a small plastic bag containing tablets and an amber vial containing a powdery substance were found on defendant's person. Defendant was advised of his rights at the scene and the materials seized were turned over to a DEA agent.

Defendant was then taken to the DEA office and there a DEA agent "read to him his *Miranda* rights off of a card that is prepared for that purpose." Subsequently the Metropolitan Police Vice Squad agent asked Mr. Stark if he understood his rights, and received the answer that "Mr. Stafford had explained them" to him. Agent Stafford testified that defendant "made no response then" when he had told him of his rights to an attorney and that if he didn't have funds to hire one, one would be appointed. And he further testified that defendant answered questions "fairly freely" for "about 30 to 40 minutes." During this period of time agent Stafford said defendant told him "the powder he had was in fact cocaine; it came from Florida, the Miami area. He said his customers were Vanderbilt students or Peabody students." Stafford also testified that after this information had been furnished, the defendant said he would want an attorney, named one, and the agents sought unsuccessfully to make telephone contact with the named attorney. He also testified that they continued to question after defendant had first mentioned wanting an attorney.

Stafford sought to explain that fact by saying "he didn't say, 'I want an attorney right now before I answer any more questions at all'; if he had said that, we wouldn't have asked him any more questions."

Soon after Stafford had answered affirmatively to the question, "did you continue talking to him," the District Judge announced from the bench that he was going to suppress the confession. He stated:

> When you have a man in custody and you have got him in the DEA office, and you have forms available, and there is absolutely no reason in the world why you can't give him that form to sign, you ought to get it down.
>
> The second thing, after that man asks for an attorney, whether you understand it to be wanting one right then or wanting one in the future, you ought to stop the interrogation and ask him nothing else until you get him a lawyer. You have one in the building, Mr. Stafford. You have Mr. Tucker on the seventh floor

and you are on the ninth. You can get him up there in a matter of minutes.[1]

I am going to suppress that confession,

. . .

We believe this record clearly discloses that defendant was given a full statement of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that he acknowledged that he understood them, and that he freely confessed to possessing cocaine with the intent to distribute same before ever asking for an attorney or refusing to answer questions.

This circuit has previously held that a formal written waiver of *Miranda* rights is not required as a matter of law. *United States v. Charlton,* 565 F.2d 86 (6th Cir.) *cert. denied,* 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1977); *United States v. Caulton,* 498 F.2d 412 (6th Cir.) *cert. denied,* 419 U.S. 898, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974); *United States v. Vaughn,* 496 F.2d 622 (6th Cir. 1974).

The United States Supreme Court has, since this case was decided in the District Court, decided *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). In the *Butler* case the Supreme Court held that the absence of a written waiver is not conclusive on the issue of voluntariness of the confession. We believe that a free and voluntary waiver may appropriately be inferred from the circumstances testified to without dispute in this case.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.

---

1. The District Judge was clearly correct that under *Miranda* the questioning should have been terminated. However, this record does not disclose any prejudicial admissions after appellant requested an attorney.