927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee EICHER, Defendant-Appellant.
 No. 90-1717.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 90-80011; DeMascio, J.
 E.D.Mich.
 AFFIRMED.
 Before MERRITT, Chief Circuit Judge, NATHANIEL R. JONES, Circuit Judge, and WELLFORD, Senior Circuit Judge*.
 PER CURIAM.
 
 
 1
 In Miranda v. Arizona, 384 U.S. 436, 474 (1966), the United States Supreme Court held that, in order to protect the fifth amendment's privilege against self incrimination, the questioning of a suspect must cease if the suspect requests assistance of counsel. The instant case turns on whether a failure to sign a written waiver of Miranda rights, along with a request for a union representative, constitutes an affirmative request for assistance of counsel so as to invoke the protections of Miranda.
 
 
 2
 On November 30, 1989, as part of an investigation into the disappearance of "test letters" containing cash, Postal Inspector Richard Dent placed a "beeper" into a letter containing three dollars. The letter was addressed to a fictitious person and placed with the mail to be delivered by defendant-appellant Richard Lee Eicher. As Eicher loaded the mail into his truck, the beeper began sounding, which indicated that money had been removed. The postal inspectors who immediately responded found the test letter on the truck's mail ledge with the three dollar bills next to it. Dent and Eicher then proceeded to the main post office in Flint. Dent later testified that he advised Eicher of his right against self incrimination, his right to remain silent, and his right to have an attorney present. J.App. at 36. After Dent gave these warnings to Eicher, Eicher initialed a form indicating that the warnings had been given. A second portion of the form was entitled "Waiver", and read, in part, "I am willing to discuss subjects presented and answer questions. I do not want a lawyer at this time." Eicher did not sign this second portion of the statement. Instead, Eicher requested that his union representative attend the questioning. Eicher then gave a written statement attempting to explain why he opened the letter.
 
 
 3
 On January 5, 1990, Eicher was indicted for theft of mail by a postal employee, in violation of 18 U.S.C. Sec. 1709. At trial, Dent testified that Eicher never requested an attorney. Eicher, for his part, testified that "when I refused to sign the bottom of the statement, I told them right point blankly that I wanted like a union representative or a lawyer or both." Eicher moved to strike his written statement to Dent as violative of Miranda, and an evidentiary hearing was conducted in the absence of the jury. The district court found Dent's statement that Eicher did not request a lawyer credible, and as a result found Eicher's statement to be "totally admissible, totally voluntary[.]" The jury found Eicher guilty and he was sentenced to seven months imprisonment, to be followed by five years supervised release.
 
 
 4
 Eicher states that he did make an affirmative request for an attorney during the questioning. Dent, however, testified that Eicher never asked for an attorney. Another postal inspector present at the interview, Don Wise, also testified that Eicher did not ask to see anyone other than his union representative. The district court based its conclusion that Eicher did not request a lawyer on the aforementioned testimony and the fact that, given an opportunity to make a phone call, Eicher called his union representative instead of a lawyer. This conclusion is a finding of fact which must be accepted unless found to be clearly erroneous. United States v. Pino, 855 F.2d 357, 360-61 (6th Cir.1988). In light of the trial judge's first-hand opportunity to assess the credibility of the witnesses, we accept the district court's finding that Eicher did not request a lawyer.
 
 
 5
 The only issue in this case concerns the district court's admission of Eicher's written statement. It is undisputed that Eicher declined to sign an explicit waiver of his right to counsel. However, an explicit, written waiver is not necessary to find that Eicher waived his right to counsel during questioning. North Carolina v. Butler, 441 U.S. 369, 375-76 (1979).
 
 
 6
 We find the law to be clear that the failure to sign a waiver, after Miranda warnings have been given, does not render subsequent statements inadmissible. United States v. Eirin, 778 F.2d 722, 728 (11th Cir.1985) ("Merely refusing to sign a waiver of rights form without an attorney's guidance is not synonymous with an affirmative request for assistance of counsel."); United States v. Vaughn, 496 F.2d 622, 622 (6th Cir.1974) ("[T]he refusal to sign a written waiver, standing alone, does not render inadmissible statements or evidence voluntarily given after full warnings."). Furthermore, a waiver may be implied when a suspect answers questions or provides information after being fully informed of his Miranda rights. United States v. Boon San Chong, 829 F.2d 1572, 1574 (11th Cir.1987). Thus, Eicher's refusal to sign the waiver does not by itself negate the admissibility of his written statement.
 
 
 7
 Eicher relies primarily on United States v. Heldt, 745 F.2d 1275 (9th Cir.1984). In Heldt, a defendant refused to sign a waiver form and stated he did not want to answer questions. A police officer asked him if he would be willing to answer questions anyway, and elicited a confession after three hours. The Ninth Circuit held that admission of the confession violated the defendant's Miranda rights because "refusal to sign the printed waiver form casts initial doubt on any claim that he waived his Miranda right." Id. at 1277. We find Heldt to be factually distinguishable, however, because the district court in Heldt found that the defendant explicitly stated that he did not want to answer questions. Id. Furthermore, the police officer in Heldt "exhorted" the defendant to " 'answer questions anyway' " in spite of his desire to remain silent. Id. at 1278. In the instant case, the district court found that Eicher neither requested a lawyer nor exhibited a desire to remain silent. Although a refusal to sign a waiver is certainly relevant with respect to determining whether Eicher knowingly waived his rights, we decline to hold that a failure to sign a waiver is a per se assertion of Miranda rights. We do not read Heldt to instruct otherwise. See Heldt, 745 F.2d at 1278-79 ("Investigating officers should clearly inform the accused that his failure to sign the waiver does not prevent statements he makes from being used against him.").
 
 
 8
 Eicher also argues that his request for a union representative should be construed as a request for a lawyer. This argument raises the issue of how a request for an attorney must be phrased in order to constitute an assertion of a Miranda right. In Maglio v. Jago, 580 F.2d 202 (6th Cir.1978), this court vacated a murder conviction because the suspect was questioned after saying "Maybe I should have an attorney." See also Smith v. Illinois, 469 U.S. 91 (1984) (defendant's statement "uh, yeah, I'd like to do that" when informed of right to have lawyer present was invocation of right to counsel and should have terminated interrogation). We recognize that, "[o]n occasion, an accused's asserted request for counsel may be ambiguous or equivocal." Smith v. Illinois, 469 U.S. at 495. We are unable to conclude, however, that a request for a union representative is the functional equivalent of a request for counsel under Miranda.
 
 
 9
 Eicher also asserts that his written statement was coerced because Eicher testified that (1) Postal Inspector Dent dictated portions of the statement, and (2) Dent told him that this was Eicher's one chance to make a statement to the prosecutor. We can find no evidence, however, that Eicher's written statement was anything but freely and voluntarily given. See United States v. Murphy, 763 F.2d 202, 205 (6th Cir.1985) ("In determining whether an accused's will has been overborne, courts look to the totality of the circumstances surrounding the confession and determine their psychological impact on the accused's ability to resist pressures to confess.").
 
 
 10
 There can be no doubt that had Eicher made a clearer request for an attorney, his written statement would not be admissible. See Minnick v. Mississippi, 111 S.Ct. 486, 491 (1990) ("[W]e now hold that when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present[.]"). As Eicher did not make a request for an attorney, his subsequent written statement is admissible. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harry W. Wellford assumed senior status on January 21, 1991