**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruben LAUREL, Defendant–Appellant.**

No. 02–6456.

United States Court of Appeals,
Sixth Circuit.

July 8, 2004.

Stuart J. Canale, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

William D. Massey, Massey & McCluskey, Memphis, TN, for Defendant–Appellant.

Before KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

KENNEDY, Circuit Judge.

The defendant appeals the district court's decision to deny his motion to suppress his statement that he was "just following orders" on the ground that the statement was obtained in violation of his *Miranda* rights. The district court denied the motion as it found that the defendant's *Miranda* rights were not violated since the defendant had received and waived his *Miranda* rights. We **AFFIRM.**

## BACKGROUND

On April 6, 2001, law enforcement officers conducted an operation that resulted in the arrest of two brothers. Jerome Davis (JD) and Anthony Davis (AD), for attempting to deliver ten kilograms of cocaine. After the arrest, both JD and AD agreed to cooperate with law enforcement officers in the investigation of their drug supplier. JD informed law enforcement officers that the defendant. Ruben Laurel, had previously arranged for the delivery of fifty-eight kilograms of cocaine to AD and had demanded that the cocaine be returned. The law enforcement officers orchestrated a plan to have JD meet the defendant with the ostensible purpose of returning the cocaine. At the exchange, the trunks of both JD's and the defendant's vehicles were opened and in the

trunk of JD's vehicle were suitcases weighted to appear as if they contained the cocaine. When the defendant moved to the rear of JD's vehicle, law enforcement officers approached to arrest him. The defendant fled but was later apprehended by Officer Robert Latimer.

Once Officer Latimer had the defendant in custody, he escorted him to a squad car. To get to the car, Officer Latimer and the defendant needed to cross Perkins Street. Although Perkins Street is usually a busy thoroughfare, on this occasion it had been blocked off by the police because of the pursuit that had been in progress. While crossing Perkins Street, Officer Latimer allegedly advised the Defendant of his *Miranda* rights. Officer Latimer testified that he asked the defendant if he understood his rights, and that the defendant responded affirmatively by either nodding, saying yes, or both.

Approximately 45 minutes after the arrest, officers transported the Defendant to the DEA office in Memphis. While walking past a room at the office in which DEA Agent Joe Regan and the defendant were sitting. Officer Latimer heard the defendant explain to Regan that he was "only following orders."

The district court adopted the magistrate judge's proposed finding that sufficient evidence existed to conclude that the defendant received and waived his *Miranda* warnings.

## ANALYSIS

In reviewing a ruling concerning a motion to suppress, this Court reviews factual errors for clear error. *United States v. Pelayo–Landero,* 285 F.3d 491, 494 (6th Cir.2002). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly er-

* The Honorable Milton Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

roneous." *Harrison v. Monumental Life Ins.*, 333 F.3d 717, 721 (6th Cir.2003). Thus, this Court will overturn a district court's factual findings only if we are of the "definite and firm conviction that a mistake has been committed." *United States v. Worley*, 193 F.3d 380, 384 (6th Cir.1999). Finally, in reviewing a denial of a motion to suppress, this Court considers the evidence in the light most favorable to the government. *United States v. Erwin*, 155 F.3d 818, 822 (6th Cir.1998).

The Supreme Court has held that statements made by a defendant during a custodial interrogation may not be used against the defendant at his trial unless procedural safeguards are utilized to protect the defendant's Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1964). Usually, these procedural safeguards are satisfied by notifying the defendant of the customary *Miranda* warnings, including the right to remain silent. *Id.* The *Miranda* court further ruled that, after the warnings have been given, "the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." *Id.* This waiver, however, need not be expressly made. *North Carolina v. Butler*, 441 U.S. 369, 373–74, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). That is, it is not necessary that a suspect either sign a waiver or affirmatively say that he is willing to waive his rights for a court to find a waiver. *See Id.* at 375–76. Rather, the Supreme Court has noted that an implied waiver may simply be "inferred from the actions or words of the person interrogated." *Id.* at 373.

This Court has concluded that "a waiver may be implied when a suspect answers questions or provides information after being fully informed of his *Miranda* rights." *U.S. v. Eicher*, 927 F.2d 605, 1991 WL 29199 at *2 (6th Cir.1991) (quoting *U.S. v.*

*Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir.1987)); *See also U.S. v. Stark*, 609 F.2d 271, 273 (6th Cir.1979) (holding that a waiver may appropriately be inferred when the defendant made inculpatory statements after being advised of his *Miranda* rights).

■ The defendant contends that the record is insufficient to support either the inference of the giving of the warnings or, in the alternative, assuming they were given, a waiver of the warnings. In arguing that no warnings were given, the defendant contends that although Officer Latimer testified that he gave the defendant the warnings shortly after he caught and arrested the defendant. Officer Latimer's investigative report nonetheless did not include the fact that he had given the defendant the warnings. Officer Latimer testified that the report did not include the fact that he had given the defendant his warnings because the report to which defendant cited was only his rough draft. Officer Latimer's final draft did include the fact that he had given the defendant his warnings.

The magistrate judge observed Officer Latimer's testimony and found it to be credible. We generally do not review the lower court's determinations regarding witness credibility. *U.S. v. Gessa*, 57 F.3d 493, 496 (6th Cir.1995). The district court's adoption of the finding that the defendant had received his *Miranda* warnings was not clearly erroneous as that conclusion is certainly a permissible view of the evidence.

■ The defendant also contends that the record is insufficient to establish a waiver of his *Miranda* rights because "there is no context provided regarding the making of the statement from which it might be reasonably inferred that [the defendant] ... waived his rights." In establishing this point, the defendant notes that Officer Latimer heard nothing that preced-

ed or followed the defendant's statement that he "was just following orders." Establishing such "context," as the defendant exhorts is lacking, is not necessary to find a waiver. Rather, a waiver may simply be inferred when a defendant voluntarily speaks after being advised of his right not to speak. *Boon San Chong,* 829 F.2d at 1574. The district court concluded that sound evidence of waiver existed in the record, since the defendant, after having been advised of his right not to speak, and after affirmatively indicating his understanding of that right, soon thereafter spoke, uttering a potentially-exculpatory or minimizing statement. This finding is supported by the record and therefore not clearly erroneous.

For the above reasons, we **AFFIRM** the district court's denial of defendant's motion to suppress.