**UNITED STATES of America, Plaintiff–Respondent,**

v.

**John KELLY, III, Defendant–Petitioner.**

Nos. CR–N–92–57–ECR, CV–N–94–396–ECR.

United States District Court, D. Nevada.

Sept. 22, 1994.

Robert A. Bork, Asst. U.S. Atty., Reno, NV, for the U.S.

John Kelly, III, in pro. per., under supervision of U.S. Probation Dept., Denver, CO and Glynn Cartledge, Reno, NV, for John Kelly III.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant–Petitioner Mr. Kelly moves this Court to vacate, set aside or correct the sentence imposed pursuant to a criminal conviction in this Court. (Doc. # 29) Mr. Kelly makes this motion pursuant to 28 U.S.C. § 2255, the federal habeas statute.

The Government's response (Doc. # 32) to said motion concedes Mr. Kelly's argument and on that basis believes that Mr. Kelly's motion should be granted.

Mr. Kelly, pursuant to a conditional plea of guilty, was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (amended 1994). Section 922(g)(1) makes it "unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition."

Mr. Kelly was previously convicted of felony receipt of stolen property in Colorado, a crime which is punishable by imprisonment for a term exceeding one year. In the spring of 1992, Mr. Kelly was discovered to be in possession of firearms, which resulted in the prosecution and guilty plea and conviction and ultimately the sentence from which Mr. Kelly now seeks relief.

Prior to the 1986 amendments,[1] any state proceeding expunging the state conviction had no effect on the federal question of what constituted a prior predicate "conviction" for purposes of § 922. *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 111–12, 103 S.Ct. 986, 991–92, 74 L.Ed.2d 845 (1983). Accordingly under this standard Mr. Kelly's conviction and sentence in the instant case are valid.

In 1986 18 U.S.C. § 921 was amended as mentioned above by the Firearms Owners' Protection Act. Section 921(a)(20) as amended provides:

> what constitutes conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

> [a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of [§ 922(g) ] unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20)(B).

Under the amended statute, the Court therefore looks to the law of the jurisdiction where the prior conviction occurred, i.e., in our case the law of Colorado, to determine whether a claimed predicate conviction can

---

1. Which restructured federal firearms statutes in the Firearms Owners Protection Act, P.L. 99–308, §§ 102(6)(D), 102(7), 100 STAT. 452; P.L. 99–308, § 104(b), 100 STAT. 459 (1986); P.L. 99–308, § 110(a), 100 STAT. 460 (1986); and P.L. 99–308, § 101(5), 100 STAT. 450 (1986).

be used under § 922(g). If the state court has expunged the sentence, it cannot be used as a predicate offense, unless the expungement expressly prohibits possession of a firearm by defendant.

Mr. Kelly argues that because Colorado automatically restores a felons civil rights upon completion of the sentence, *see United States v. Hall*, 20 F.3d 1066 (10th Cir.1994), and because there is no provision that he not be allowed to possess firearms, his Colorado felony conviction may not be considered a predicate conviction for purposes of § 922(g).

> Thus, under federal law prior to the amendment of section 921(a)(20), [Mr. Kelly] would be "convicted" as that term is used in the federal firearms statutes. On the other hand, under amended section 921(a)(20), [Mr. Kelly's] state [convictions] ... [do] not constitute "convictions" under the firearms statutes, provided that [Colorado's restoration of civil rights] was not expressly qualified by any firearms restrictions.

*United States v. Brebner*, 951 F.2d 1017, 1022 (9th Cir.1991).

Our result is compelled by *Brebner*, in which the Court asked "whether amended section 921(a)(20) should be applied retroactively to offenses committed prior to its effective date." *Id.*

After resorting to the proper rules of statutory construction and divining Congress' intent, the Court concluded "that section 921(a)(20) cannot be retroactively applied to ... [predicate] offenses ... alleged to have occurred prior to ..." the enactment of 921(a)(20) which occurred in November of 1986. *Id.*

■ Thus, where the underlying felony conviction which is the predicate offense for a § 922(g) prosecution occurred prior to November of 1986, "the *Dickerson* interpretation of the term 'conviction' controls ..." and the amended § 921(a)(20) does not apply.[2]

■ Mr. Kelly's felony conviction in Colorado occurred in 1984. Thus, we must apply the *Dickerson* interpretation of the term "conviction." Under that interpretation, it is irrelevant whether Colorado has restored all of Mr. Kelly's civil rights or not. Applying the *Dickerson*, interpretation, it is clear that Mr. Kelly's conviction is valid, insofar as satisfaction of the legal elements of the 922(g)(2) charge.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In the Motion pursuant to 28 U.S.C. § 2255 which is currently before this Court Defendant/Petitioner Mr. Kelly raises only one ground for vacating, modifying or correcting his sentence. That ground is that the "sentence imposed was not authorized by law ..." because there was no cognizable underlying "conviction" to support the § 922(g)(2) conviction in light of § 921(a)(20). It appears that Mr. Kelly originally contemplated bringing a claim of ineffective assistance of counsel, however he has not done so and the Court therefore does not address this claim.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant/Petitioner, Mr. Kelly's motion to vacate, set aside or correct sentence (Doc. # 29) brought pursuant to 28 U.S.C. § 2255 is **DENIED.** 18 U.S.C. § 921(a)(20) does not apply retroactively to offenses punishable by more than a year imprisonment which resulted in conviction prior to November 1986. Mr. Kelly's conviction under 18 U.S.C. § 922(g)(2) was proper

---

2. It might be argued that *Brebner* is intended to apply only where (as in *Brebner*) the felon was found to possess the firearm prior to the enactment of the 1986 amendment. However, the *Brebner* decision focuses solely on the definition of what constitutes a predicate conviction and does not rely on the date the previously convicted felon is found in possession of the firearm. *Brebner's* claim was that his firearms convictions "should be reversed because his prior state felony convictions, which serve as predicate convic-

tions ... have been expunged under state law ... these convictions occurred prior to November of 1986."

The pre–1986 statute is contrasted by the *Brebner* court with the new 1986 statute 18 U.S.C. § 921(a)(20) which defines what is a predicate crime that can be used in a § 922(g) prosecution. The Court deals only with the proper interpretation of § 921(a)(20). This is the crux of *Brebner*. The non-retroactivity rule of *Brebner* applies in the instant case.

and therefore the sentence imposed was authorized by law.