**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John KELLY III, Defendant–Appellant.**

**No. 94–16891.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 1995.*

Decided Aug. 10, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

**1216**

John Kelly, III, Denver, CO, pro se.

Robert A. Bork, Asst. U.S. Atty., Reno, NV, for plaintiff-appellee.

Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.

PER CURIAM:

John Kelly appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review the denial of a § 2255 motion de novo, *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir.1994), and we reverse and remand.

■ In his motion, Kelly claimed that his 1992 conviction for being a felon in possession of a firearm should be invalidated because his right to possess a firearm was restored in 1989, after he completed his Colorado prison sentence. *See* 18 U.S.C. § 921(a)(20). Although the government conceded that the conviction should be vacated on that basis, the district court denied Kelly's motion. *United States v. Kelly*, 879 F.Supp. 1044, 1046 (D.Nev.1994). The court determined that § 921(a)(20) did not apply to state convictions occurring before its enactment, citing *United States v. Brebner*, 951 F.2d 1017, 1020–23 (9th Cir.1991). *Kelly*, 879 F.Supp. at 1046. We review de novo the district court's interpretation of a statute. *See United States v. Ripinsky*, 20 F.3d 359, 361 (9th Cir.1994).

We held in *Brebner* that 18 U.S.C. § 921(a)(20) could not "be retroactively applied to the offenses alleged in Brebner's indictment because they were all alleged to have occurred prior to [its effective date]." *Brebner*, 951 F.2d at 1022. The phrase "of-

fenses alleged in Brebner's indictment" referred to the federal firearms charges for which Brebner had been indicted, not the prior state convictions that served as predicate felonies under § 921(a)(20). *See id.* at 1019 (referring to "federal offenses" charged in indictment and Brebner's previous "state convictions"); *id.* at 1023 n. 5 (noting that Brebner committed the federal offenses prior to the date that § 921(a)(20) took effect, and that § 921(a)(20) is inapplicable to offenses occurring prior to the effective date of the statute). As the Eighth Circuit has correctly observed, "the [Ninth Circuit] did not hold the section 921(a)(20) definition of conviction inapplicable because Brebner's 1976 and 1977 state convictions occurred prior to its effective date," but because he committed his federal firearms crimes before its effective date. *Bell v. United States*, 970 F.2d 428, 431 (8th Cir.1992).

■ Here, Kelly committed the acts underlying his federal crimes after the effective date of § 921(a)(20). Section 921(a)(20) therefore applies to his convictions. *See id.; cf. Brebner*, 951 F.2d at 1022–23. Kelly's civil rights were automatically restored when he successfully completed his parole. *See United States v. Hall*, 20 F.3d 1066, 1069 (10th Cir.1994). Because Colorado law does not otherwise limit Kelly's firearm's privileges, *see id.*, Kelly was not a previously convicted felon as defined by § 921(a)(20) when he entered his plea to violating § 922(g)(1). *See United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991) (looking to state law to determine if felon's civil rights substantially restored, and whether state otherwise restricts felon's right to possess guns).

Kelly pleaded guilty, however, thereby admitting all elements of the crimes charged against him, including the fact that he was a felon. *See United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987) ("[A] guilty plea conclusively proves the factual allegations contained in the indictment."). Thus, in order to mount a successful attack on his guilty plea, he must show that it was unknowing or involuntary. *See generally United States v. Anderson*, 993 F.2d 1435, 1437 (9th Cir.1993) (guilty plea "must be voluntary and intelligent, and cannot be the result of threats,

misrepresentations, or improper promises"); *Iaea v. Sunn*, 800 F.2d 861, 864–65 (9th Cir.1986) (guilty plea invalid if induced by incompetent advice of counsel).

■ Kelly alleged in his § 2255 motion that he did not appeal his guilty plea because he "was unaware that his conviction was in conflict with established law in the Ninth Circuit." Kelly also alleged that his "conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel." Construing his inartful pleadings liberally, *see Hays v. Arave*, 977 F.2d 475, 476 n. 1 (9th Cir.1992), Kelly has alleged that his guilty plea was invalid due to the ineffectiveness of counsel,[1] *see Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (petitioner must show "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); *Iaea*, 800 F.2d at 865 (guilty plea based upon advice that does not apprise defendant of relevant circumstances and likely consequences invalid); *see also Morris v. California*, 966 F.2d 448, 453 (9th Cir.) (noting that the "conviction of an innocent person as a result of [his] lawyer's incompetence constitutes one of the most serious infringements of the integrity of the judicial process"), *cert. denied*, —— U.S. ——, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992). Because the district court did not address this issue, and the record is insufficiently developed, we remand to the district court for consideration of Kelly's ineffective assistance of counsel claim. *See Iaea*, 800 F.2d at 865–66.

**REVERSED and REMANDED.**

---

1. Kelly makes his claim explicit in his brief on appeal by alleging that his counsel did not advise him that he could not be convicted of the crimes to which he pleaded guilty before he entered his plea.