103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Daryl McDONALD, Defendant-Appellant.
 No. 96-15150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Daryl McDonald, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. McDonald pleaded guilty to possessing a firearm after having been previously convicted of a felony (18 U.S.C. § 922(g)(1). He contends that: (1) his section 922(g)(1) conviction should be vacated because it is predicated upon a prior state conviction that was first reduced to a misdemeanor and subsequently expunged; (2) the sentencing court engaged in impermissible double counting by using the same prior conviction to both enhance his offense level and to calculate his criminal history; (3) trial counsel was ineffective; and (4) his criminal conviction violated the Double Jeopardy Clause because of the prior administrative forfeiture of his property. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 McDonald contends that his conviction should be vacated because it was based on a prior 1985 conviction that was reduced to a misdemeanor and then subsequently expunged. McDonald has waived this claim by pleading guilty. See United States v. Kelley, 62 F.3d 1215, 1216 (9th Cir.1995) (per curiam) (by pleading guilty defendant admitted all elements of section 922(g)(1) including that fact that he was a convicted felon).
 
 
 4
 McDonald also claims his counsel was ineffective for failing to challenge the prior conviction in district court. The record shows that his section 922 conviction was predicated upon a 1983 conviction, not the 1985 conviction. McDonald does not challenge the validity of his 1983 state conviction. Accordingly, McDonald cannot show that counsel's advice to plead guilty without challenging the validity of the underlying prior conviction was outside the "range of competence demanded of attorneys in criminal cases." See Tollett v. Henderson, 411 U.S. 258, 267-68 (1973).
 
 
 5
 McDonald next contends that the use of his 1985 conviction to calculate both his criminal history and to enhance his base offense level constituted impermissible double counting. McDonald has waived this allegation of non-constitutional sentencing error by failing to raise it in district court or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 6
 To the extent McDonald alleges his counsel was ineffective for failing to raise the "double counting" issue at sentencing, his claim fails. The applicable Sentencing Guidelines permit this kind of "double use." See U.S.S.G. § 2K2.1, Application Note 15; see also United States v. Schomburg, 929 F.2d 505 (9th Cir.1991) (in sentencing defendant for failure to appear, same prior conviction may be used to calculate base offense level and to increase criminal history score). Accordingly, counsel was not ineffective for failing to raise the issue at sentencing. See Strickland v. Washington, 466 U.S. 668, 688 (1984).[1]
 
 
 7
 Finally, McDonald contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because of the prior administrative forfeiture of his property. This contention lacks merit. See United States v. Ursery, 116 S.Ct. 2135 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that McDonald argues his 1985 conviction could not be relied on for sentencing purposes because it has since been expunged, we reject the contention. The statute under which his conviction was dismissed expressly provides that the dismissed conviction may be used in any subsequent prosecution. See Cal.Penal Code § 1203.4 (1996)