### UNITED STATES of America, Plaintiff—Appellee,

v.

### Jose Felix HERNANDEZ–TORRES, Defendant—Appellant.

No. 01–10116.
D.C. No. CR–00–00166–PMP.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 16, 2002.*
Decided May 28, 2002.

Before HUG and BERZON, Circuit Judges, and LASNIK, District Judge.**

MEMORANDUM ***

Pursuant to his guilty plea, appellant Jose Felix Hernandez–Torres was convicted of unlawful reentry into the United States under 8 U.S.C. § 1326. Because Hernandez–Torres conceded in his plea agreement that he had a prior aggravated felony conviction, the district court sentenced him to 70 months imprisonment.

On appeal, Hernandez–Torres argues that his sentence exceeded the maximum sentence permitted under § 1326. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. Hernandez–Torres correctly points out that a defendant may appeal a sentence "imposed in excess of a maximum statutory penalty," even if a defendant's plea agreement waived his right to appeal. *United States v. Ruiz*, 241 F.3d 1157, 1164 (9th Cir.2001) (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)). Similarly, Hernandez–Torres also correctly points out that, under the terms of his plea agreement, he may appeal his sentence if it exceeded the applicable sentencing guideline range. Neither of these exceptions to the appeal waiver saves this appeal.

The record indicated that Hernandez–Torres had two prior convictions under California Health & Safety Code § 11352(a). In his guilty plea agreement, Hernandez–Torres conceded that he had a prior aggravated felony conviction. The district court accepted Hernandez–Torres' concession that he had a prior aggravated felony conviction. At the time, under Ninth Circuit law, convictions under § 11352(a) automatically qualified as aggravated felony convictions. *United States v. Lomas*, 30 F.3d 1191 (9th Cir. 1994).

*United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc), issued after Hernandez–Torres' guilty plea, reversed *Lomas* and held that while convic-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions under § 11352(a) may qualify as aggravated felony convictions, they do not automatically qualify as such. As a result, it is possible that one or both of Hernandez–Torres' prior convictions under § 11352(a) are not aggravated felony convictions. We need not decide that question, because Hernandez–Torres' concession that he had a prior aggravated felony conviction controls.

This court faced a similar issue in *United States v. Kelly*, 62 F.3d 1215 (9th Cir. 1995). There, Kelly pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). As it turned out, under the complicated applicable law, Kelly was not a previously convicted felon when he entered his plea. This circumstance, however, did not persuade the panel to vacate Kelly's conviction because Kelly "pleaded guilty ... thereby admitting all elements of the crime charged against him, including the fact that he was a felon." *Id.* at 1216 (citing *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987)).

Unlike the felon element of § 922(g), the prior aggravated felony conviction is not an element of a § 1326 charge. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–14 (9th Cir.2000). Nevertheless, just as Rule 11 of the Rules of Criminal Procedure permits a court to accept a defendant's plea that he is guilty of an offense, Rule 11(e)(1)(C) also permits a court to accept a defendant's plea that a particular sentencing factor is applicable in his case. Furthermore, Rule 11(e)(1)(C) states that once a court accepts a plea to this effect, the "plea agreement is binding on the court." As a result, under *Kelly,* Hernandez–Torres cannot now challenge his concession that he had a prior aggravated felony conviction.

2. Both parties agree that this case should be remanded to correct the judgment of conviction. The judgment of conviction lists both §§ 1326(a) & (b) as the crimes of conviction. Hernandez–Torres was convicted only under § 1326(a), so the judgment of conviction should omit any reference to § 1326(b) from the judgment of conviction. *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir. 2000).

The sentence is AFFIRMED and the case is REMANDED to correct the judgment of conviction.