UNITED STATES of America, Appellee,

v.

**Larry EAVES, Appellant.**

No. 87–2126.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided June 20, 1988.

Rehearing Denied July 27, 1988.

---

5. In instruction # 17, which pointed out that mere simple negligence (such as inadvertence, forgetfulness, lack of attention, or thoughtless-ness) as distinguished from gross negligence, would not suffice to establish the third element of the offense as defined in instruction # 9.

Burton H. Shostak and Deborah J. Kerns, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and RE, Judge.[*]

WOLLMAN, Circuit Judge.

Larry Eaves appeals the district court's[1] denial of his motion for a reduction of sentence under Fed.R.Crim.P. 35. We affirm.

As a used car manager for Christopher Chevrolet in St. Louis County, Missouri, Eaves defrauded purchasers of used automobiles by altering the odometers on the

---

[*] The HONORABLE EDWARD D. RE, Chief Judge, United States Court of International Trade, sitting by designation.

[1] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

cars he sold. Eaves pleaded guilty to conspiracy to defraud purchasers and using the United States mail in furtherance of this fraud. 18 U.S.C. § 371. The district court suspended all but six months of the execution of Eaves' three-year prison sentence and placed him on probation for five years. One of the conditions of Eaves' probation was that he make restitution of $300 per victim, totaling $40,500. Subsequently, the district court denied Eaves' Rule 35 motion asking that the court reduce the amount of restitution to be paid.

On appeal, Eaves offers several reasons why the district court erred in denying his motion. Eaves first argues that the court failed to require proof of the restitution amount. Eaves contends that the court entered the restitution order under the Victim and Witness Protection Act, 18 U.S.C. § 3663, but failed to follow the procedures set forth in the Act. The government correctly points out, however, that the district court specifically stated at the sentencing hearing that the restitution payments did not involve the Victim and Witness Protection Act, but rather were imposed as a condition of probation. Eaves' first contention is therefore without merit.

Eaves next argues that there were only 47 victims, not 137. The government responds that by pleading guilty, Eaves admitted that the indictment charging him with conspiracy to commit odometer fraud on approximately 135 automobiles was correct. Eaves cannot now argue that the number of victims was substantially less than 137.

Eaves also argues that his sentence was disparate from the sentence of one of his co-conspirators who received no imprisonment and was ordered to pay only $7,000 restitution. The government responds that this difference was equitable because the co-conspirator was merely a driver who cleaned the cars. Indeed, the primary offender, one Henry Hendricks, was ordered to serve four years' imprisonment and pay $80,700 in restitution. Thus, Eaves' sentence was rationally related to his degree of culpability.

Eaves' final argument is that the district court abused its discretion because it did not require the government to respond to his Rule 35 motion. Rule 35 allows the court to temper its original judgment with mercy when relevant considerations make such action appropriate. *United States v. Eddy*, 677 F.2d 656, 657 (8th Cir.1982). When the facts alleged in the motion, however, do not indicate an illegal sentence or an abuse of discretion, the motion may be denied summarily. *United States v. Nerren*, 613 F.2d 572, 573 (5th Cir.1980). In this case, we are satisfied that the district court did not abuse its discretion in denying Eaves' Rule 35 motion.

The order denying the motion for reduction of sentence is affirmed.