**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adrian Parra CAZARES, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco ALVAREZ–SANCHEZ,**
**Defendant–Appellant (Two**
**Cases).**

Nos. 96–30098, 96–30108 and 96–30129.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 1997.

Decided May 7, 1997.

As Amended Aug. 21, 1997.

Kenneth Ricardo Perry; Leland R. Berger, Portland, Oregon, for defendants-appellants.

Allen M. Garten, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

In November 1994, a confidential informant arranged to purchase 1.5 kilograms of cocaine from defendant Francisco Alvarez–Sanchez. On December 14, the informant and Alvarez–Sanchez met to consummate the deal. Defendant Adrian Parra Cazares retrieved the drugs from his apartment and

* Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Alvarez–Sanchez was charged in a separate indictment with illegal re-entry (8 U.S.C. §§ 1326(a), (b)(1)). He pled guilty to this charge and received a sentence of 120 months, to be served concurrently with the drug conspiracy

delivered them to the informant and Alvarez–Sanchez. Immediately following the transaction, Parra Cazares and Alvarez–Sanchez were arrested.

The grand jury charged Parra Cazares and Alvarez–Sanchez in a three-count indictment with conspiracy to distribute and to possess with intent to distribute cocaine, with possession with intent to distribute cocaine, and with distribution of cocaine. 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. Alvarez–Sanchez pled guilty to the conspiracy count.[1] Parra Cazares went to trial and was found guilty on all three counts. The district court, in determining the sentence for each defendant, made a two-point upward adjustment for possession of a firearm in the course of the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) ("U.S.S.G."). With this adjustment, Alvarez–Sanchez received a 140–month sentence; Parra Cazares was sentenced to 97 months.

Parra Cazares appeals on three grounds: failure to suppress his statement to the arresting officer, adjustment of his sentence for possession of a firearm, and failure to make findings regarding his participation in a conspiracy. Alvarez–Sanchez appeals the firearm possession adjustment only. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**DISCUSSION**

**I. APPEAL OF PARRA CAZARES**

*A. Miranda Claim*

■ We review *de novo* whether Parra Cazares voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and for clear error whether the waiver was knowing and intelligent. *United States v. Doe*, 60 F.3d 544, 546 (9th Cir.1995). The burden is on the government to show that Parra Cazares was

charge. Although he filed a notice of appeal in the illegal re-entry case, he raises no issues on appeal relating to the conviction or sentence. Because the district court's imposition of that sentence may have been influenced by the conspiracy sentence that we vacate in this opinion, we nevertheless vacate the illegal reentry conviction and remand for further proceedings.

aware of his rights and that he waived them. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1180 (9th Cir.1990). In this case, the government produced evidence at the suppression hearing showing (1) that the arresting officer, Deputy Biles, read Parra Cazares his *Miranda* rights in English, (2) that Deputy Biles spoke some Spanish, (3) that Parra Cazares read the *Miranda* warning aloud in Spanish from a card, (4) that Deputy Biles followed along as Parra Cazares read, (5) that Parra Cazares gave an oral indication that he understood his rights upon being asked in Spanish whether he understood, and (6) that Parra Cazares was interviewed by an English-speaking officer, Deputy Walls, who testified that although Parra Cazares' English was limited, it was sufficiently functional for purposes of the interrogation. The district court found that there was no indication of duress or coercion and that the waiver was voluntary and knowing.

■ To solicit a waiver of *Miranda* rights, a police officer need neither use a waiver form nor ask explicitly whether the defendant intends to waive his rights. *Terrovona,* 912 F.2d at 1179. In this case, recitation of the rights in English and supervision of the reading in Spanish, accompanied by the officer's confirming that Parra Cazares understood his rights, is sufficient to establish that Parra Cazares knew his rights. *See North Carolina v. Butler,* 441 U.S. 369, 371, 373, 99 S.Ct. 1755, 1756, 1757, 60 L.Ed.2d 286 (1979). And the sum of the evidence presented to the district court supports the conclusion that "[d]espite the language difficulties encountered by [Parra Cazares], ... he understood his rights and ... knowingly, and intelligently waived them." *United States v. Bernard S.,* 795 F.2d 749, 752 (9th Cir.1986).

■ The burden is on the government to prove voluntariness, but the voluntariness of a waiver "has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word." *Colorado v. Connelly,* 479 U.S. 157, 170, 107 S.Ct. 515, 523, 93 L.Ed.2d 473 (1986). In the absence of evidence that the officers coerced or misled him into giving them a statement, and ample proof that the statement was vol-

untarily given after explanation of the *Miranda* rights, the district court did not err in admitting Parra Cazares' statement.

### B. Adjustment for Possession of Firearms

Shortly after the defendants' arrest, police searched the Vancouver, Washington apartment where Parra Cazares had obtained the cocaine. In one of the bedrooms they discovered two loaded .9 mm handguns and a 30.06 rifle. The evidence at sentencing, viewed in the light most favorable to the government, established that from 1993 until mid-November 1994, Kittie St. Claire lived in the apartment in which the drugs were found. In June 1994, three men moved into the apartment with her, including Parra Cazares. They stayed in one of the three bedrooms in the apartment, which the record describes as located at the end of the hall to the right. Alvarez–Sanchez occasionally visited the apartment. During part of the time, one "Servanties," the father of St. Claire's children, also lived there. St. Claire moved out of the apartment in mid-November, leaving the three occupants in charge. The presentence report ("PSR") describes the location where the guns were found as the southeast bedroom, but the government did not establish whether that was the bedroom occupied by Parra Cazares.

■ Sentencing Guideline § 2D1.1(b)(1) provides for a two-level increase in offense level "[i]f a dangerous weapon (including a firearm) was possessed." "The government must prove possession by a preponderance of the evidence before the court can apply the two-level increase under § 2D1.1(b)(1)." *United States v. Mergerson,* 4 F.3d 337, 350 (5th Cir.1993). We review the district court's finding that Parra Cazares possessed firearms in connection with a drug conspiracy for clear error. *United States v. Willard,* 919 F.2d 606, 609 (9th Cir.1990).

The district court observed that "the guns in the house, with the other drug paraphernalia were part of that conspiracy ... that house was under their [sic, the] control of both of these people. They had at least

constructive possession ..." Its written findings state, in relevant part:

> [defendant] is responsible for the actions of co-conspirators. Thus, the fact that the defendant did not personally possess the weapons is irrelevant. Two loaded handguns kept in an apartment in which drug activity takes place is enough to raise an inference of a connection between the guns and the drugs. Defendant has proffered nothing to show that the weapons were not related to the drug trafficking activity, nor has he attempted to show that the guns were possessed by someone not charged in the conspiracy.

■ "To demonstrate constructive possession the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [contraband]." *United States v. Kelso,* 942 F.2d 680, 682 (9th Cir.1991) (internal quotations and citation omitted). In *Kelso,* we held that the presence of a gun in a bag holding drugs found behind the driver's seat of a car was insufficient to establish possession by the defendant, who was a passenger in the car. *Id.; see also United States v. Soto,* 779 F.2d 558, 560, *amended by* 793 F.2d 217 (9th Cir.1986) (under 18 U.S.C. § 1202(a)) ("mere presence as a passenger in a car from which the police recover weapons does not establish possession.").

The same reasoning applies to occupants of a house. In *United States v. Reese,* 775 F.2d 1066 (9th Cir.1985), the court held the evidence insufficient to establish a violation of 18 U.S.C. § 1202(a)(1) (felon in possession of a firearm), holding:

> Although the firearms were discovered at Reese's house, Reese was not the only person residing there at the time the guns were found. Where, as here, a residence is jointly occupied, the mere fact that contraband is discovered at the residence will not, without more, provide evidence sufficient to support a conviction based on constructive possession against any of the occupants.

*Id.* at 1073; *see also United States v. Vasquez–Chan,* 978 F.2d 546, 550 (9th Cir.1992) (under 21 U.S.C. § 841) ("The defendant's

mere proximity to the drug, her presence on the property where it is located, and her association with the person who controls it are insufficient to support a conviction for possession.").

The principle underlying these cases is the same, regardless of whether they involve proof of an offense or enhancement of a sentence. In *Delgado v. United States,* 327 F.2d 641 (9th Cir.1964), we explained that possession can be joint or several, constructive as well as actual, but it must also be knowing. It cannot be left to "pure speculation as to whether [one defendant] alone or [the other defendant] alone, or both of them, had possession." *Id.* at 642. In this case it is pure speculation whether Parra Cazares, though a resident of the apartment, ever had possession or dominion of any of the firearms.

The cases on which the government relies in its brief are all inapposite because in none of them was possession in question. *United States v. Pitts,* 6 F.3d 1366, 1368 (9th Cir. 1993) (witness testified she purchased guns for defendant; issue was whether defendant possessed guns during the criminal conduct); *Willard,* 919 F.2d at 609 (defendant admitted that some of the guns belonged to him; issue was whether he had possession during the commission of the offense); *United States v. Garcia,* 909 F.2d 1346, 1349 (9th Cir.1990) (issue was whether co-conspirator's firearm was connected with the offense); *United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir.1989) (witness testified defendant told him to obtain guns and to put them in a car and the keys in the ashtray).

■ The findings of the district court were clearly erroneous. Parra Cazares was only one of a number of residents of the apartment, and the government has not contended that the other residents of the apartment were members of the conspiracy. The government did not offer facts to support a finding that Parra Cazares knew of the guns' existence or was in any way connected with them, by ownership, fingerprints, or otherwise. It did not even prove that the guns were found in the bedroom occupied by Parra Cazares. On the record below, it cannot

be found by a preponderance of the evidence that Parra Cazares, rather than any of the other occupants (who are not alleged to be co-conspirators), had possession of the weapons. Accordingly, we VACATE the sentence and REMAND for resentencing.

### C. *Specific Findings on Conspiracy*

 Parra Cazares argues that the district court failed to make adequate factual findings with respect to the scope of his involvement in the drug conspiracy when determining his base offense level. The district court adopted the PSR's calculation, which attributed to Parra Cazares only the cocaine that he personally delivered to the informant, and Parra Cazares did not object to the PSR. This finding was not clearly erroneous.[2] *See United States v. Lee,* 68 F.3d 1267, 1274 (11th Cir.1995).

## II. APPEAL OF ALVAREZ–SANCHEZ

 In view of our conclusion that the government has failed to establish constructive possession of a firearm by Parra Cazares, there is no basis for imposing the adjustment on Alvarez–Sanchez on the theory that he was responsible for the foreseeable acts of his co-conspirator. Nor is the evidence that Alvarez–Sanchez was a frequent visitor to the apartment sufficient to support the court's finding that he had constructive possession of the firearms.

The government urges us to affirm the district court's finding of firearms possession here on an alternative ground (rejected by the district court): that Alvarez–Sanchez' plea of guilty to the indictment charging a drug conspiracy and alleging gun possession as an overt act conclusively proves all factual allegations of the indictment.[3] *See United States v. Mathews,* 833 F.2d 161, 163–64 (9th Cir.1987). We disagree.

 It has long been settled that "a guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). In *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989), the Court explained the effect of a plea more specifically: "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." The issue presented by this appeal is whether the plea to the conspiracy charge under 18 U.S.C. § 846 admits conduct alleged as an overt act. That appears to be an issue of first impression.

 Although proof of an overt act is required for a conviction under the general conspiracy statute, *see United States v. Shabani,* 513 U.S. 10, 14, 115 S.Ct. 382, 384, 130 L.Ed.2d 225, (1994), none is required where the charge is violation of 18 U.S.C. § 846 (the drug conspiracy statute). In *Shabani,* the Court held that "[i]n order to establish a violation of [the drug conspiracy statute], the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *Id.* at 15, 115 S.Ct. at 385. Proof of the commission of an overt act is therefore not an element of the offense under § 846.

Under the decisions in this circuit, a plea of guilty admits the facts constituting the elements of the charge. Thus, we said in *United States v. Benson,* 579 F.2d 508, 509 (9th Cir.1978):

> We have consistently held that a defendant's plea of guilty conclusively admits all factual allegations of the indictment. "The effect is the same as if appellant had been tried before a jury and had been found guilty on evidence covering all of the material facts." *United States v. Davis,* 452 F.2d 577, 578 (9th Cir.1971).

---

**2.** We also reject, as meritless, Parra Cazares' separate *pro se* arguments that the obstruction of justice enhancement, based on a finding of perjury, was unwarranted, that there was no evidence to support the jury's guilty verdict on the conspiracy charge, and that the prosecution of Parra Cazares after the seizure of $28,000 from the Vancouver residence subjected Parra Cazares (who did not claim the funds) to double jeopardy.

**3.** Overt act 10 of the indictment alleged that "in furtherance of the conspiracy," the conspirators "possessed scales, cocaine, about $28,020 in United States currency, wire receipts, handwritten notes, two handguns, and a rifle" at the Vancouver apartment.

*See also United States v. Harris,* 108 F.3d 1107, 1108 (9th Cir.1997) (plea admits factual basis for jurisdiction); *United States v. Kelly,* 62 F.3d 1215, 1216 (9th Cir.1995) ("Kelly pleaded guilty, however, thereby admitting all elements of the crimes charged against him, including the fact that he was a felon."); *United States v. Kidder,* 869 F.2d 1328, 1332–33 (9th Cir.1989) ("A guilty plea is an admission of each and every element required to establish the offense."); *United States v. Arriaga–Segura,* 743 F.2d 1434, 1436 n. 2 (9th Cir.1984) ("A guilty plea constitutes an admission of all facts necessary for conviction."); *United States v. Burke,* 694 F.2d 632, 634 (9th Cir.1982) ("A guilty plea does, however, constitute an admission of all facts necessary for conviction. . . ."). *United States v. Mathews,* 833 F.2d 161 (9th Cir. 1987), on which the government relies, is not inconsistent; there the court held that the defendant's plea to the indictment charging federal kidnapping constituted an admission of the essential jurisdictional fact that the kidnapping crossed state lines. *Id.* at 163–64.

■ The inference to be drawn from these decisions is that allegations not necessary to be proved for a conviction—in this case the overt acts—are not admitted by a plea. Any other rule would be inconsistent with the rationale underlying these decisions that "[t]he effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts." *Davis,* 452 F.2d at 578. Under the government's argument, Alvarez–Sanchez's guilty plea would be given greater effect than Parra Cazares' conviction of the same offense after a jury trial.

Moreover, to attribute to a defendant an admission which was never subject to a plea colloquy under Fed.R.Crim.P. 11 would undermine the rule's prophylactic purposes. As the Court put it in *McCarthy v. United States,* 394 U.S. at 467, 89 S.Ct. at 1171, "[I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea." To construe the plea as an admission not only of the charge but also of the alleged overt act, when the judge had not had the opportunity to satisfy himself that there was a factual basis for the latter, would be inconsistent with Rule 11.

■ We are aware that decisions in other circuits have on occasion treated guilty pleas as admitting factual allegations in the indictment not essential to the government's proof of the offense. *Compare United States v. Tolson,* 988 F.2d 1494, 1501 (7th Cir.1993) (holding that plea to multi-defendant conspiracy charge bars defendant from denying his involvement from the date of commencement of the conspiracy alleged in the indictment); *United States v. Eaves,* 849 F.2d 363, 365 (8th Cir.1988) (holding, without citation of authority, that guilty plea to indictment charging mail fraud scheme involving 135 victims precluded defendant from claiming at sentencing that fewer victims were involved) *with United States v. Silvers,* 84 F.3d 1317, 1320 (10th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997) (holding that guilty plea to indictment charging distribution of 1,000 marijuana plants did not establish amount of marijuana involved for sentencing purposes where defendant had specifically reserved the issue on entering his plea); *see also United States v. Parker,* 874 F.2d 174, 177–78 (3d Cir.1989) (holding that where indictment and plea agreement specified value of packages taken, entry of guilty plea conclusively established value for purposes of sentencing); *cf. United States v. Hoyle,* 33 F.3d 415, 419 (4th Cir.1994), *cert. denied,* 513 U.S. 1133, 115 S.Ct. 949, 130 L.Ed.2d 892 (1995) (finding no clear error where court relied at sentencing on loss amount in Bill of Information rather than inconsistent figures offered by defendant at hearing). The defendant is, of course, bound at sentencing by factual allegations that establish an element of the crime which he has admitted on pleading guilty. *See, e.g., United States v. Taffe,* 36 F.3d 1047, 1049 (11th Cir.1994) (defendant who pled guilty to possession of AK–47 and Uzi in course of drug crime-in violation of 924(c)-could not later assert at sentencing that crime was possession of AK–47 alone); *United States v. Johnson,* 888 F.2d 1255, 1256 (8th Cir.1989) (defendant who pled

**1248**

guilty to indictment alleging conspiracy to distribute cocaine, LSD, and mushrooms could not later assert that he only knew about cocaine).

 We decline to follow the reasoning of *Tolson* and *Eaves*, being persuaded that the better reasoning limits the effect of a guilty plea to an admission of the facts essential to the validity of the conviction. The appropriate course is not, as the government argues, for the defendant to "delete this [overt] act from the guilty plea," but rather, for the government at the plea colloquy to seek an explicit admission of any unlawful conduct which it seeks to attribute to the defendant. Having failed to do so, the government must follow the normal procedure of proving relevant conduct at sentencing by a preponderance of the evidence. *Cf. United States v. Gilliam,* 987 F.2d 1009, 1014 (4th Cir.1993) (holding that a plea to an indictment charging a 28–member conspiracy involving possession with intent to distribute or distribution of 30 kilograms of cocaine did not relieve the government of proving at sentencing the amount attributable to the defendant).

Because the government did not prove, and the guilty plea did not establish, that a member of the conspiracy possessed guns, the two-level increase in offense level under § 2D1.1(b)(1) was improper. We therefore VACATE Alvarez–Sanchez's sentence and REMAND for resentencing.

### CONCLUSION

For the foregoing reasons, we AFFIRM the convictions of both defendants, VACATE Parra Cazares' sentence and both of Alvarez–Sanchez's sentences, and REMAND for resentencing.