**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose De Jesus BAUTISTA–MACIAS,**
**Defendant–Appellant.**

No. 00–30185.

D.C. No. CR–99–60051–AA.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2001 *.

Decided May 3, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bautista's motion for oral argument.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

MEMORANDUM **

Jose de Jesus Bautista–Macias ("Bautista") appeals the district court's sentence following a conviction for one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court sentenced Bautista to 188

** This disposition is not appropriate for publication and may not be cited to or by the

months incarceration after increasing his base offense level based on a finding that he possessed a dangerous weapon during the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1). Bautista contends that the district court should not have enhanced his sentence because the government failed to prove that he had possession of the weapons in question. We affirm.

■ The Sentencing Guidelines provide that a drug criminal's base offense level will be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The fact that weapons are found at the same residence as the drug operation is sufficient to prove possession. *See United States v. Kyllo*, 37 F.3d 526, 531 (9th Cir. 1994). The government need not prove a connection between the weapon and the drug offense; merely that the defendant possessed the weapon during the commission of the offense. *United States v. Stewart*, 926 F.2d 899, 900 (9th Cir.1991). The commentary to the sentencing guidelines provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment (n.3). The government must prove possession of the weapons by a preponderance of the evidence. *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997).

Bautista argues that, because he shared the house with "several other adults," the fact that weapons were found at his house was insufficient to establish that he knowingly possessed them. He relies on *Cazares*, where we reversed an application of § 2D1.1(b)(1) and held that the presence of weapons at a defendant's residence is in-

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sufficient in itself to prove knowing possession. *Id.* at 1245. We concluded that the evidence did not establish that the defendant in that case, rather than the other occupants of the house, had possession of the weapon because the defendant "was only one of a number of residents of the apartment, and the government ha[d] not contended that the other residents of the apartment were members of the conspiracy." *Id.* at 1245–46.

Many facts distinguish Bautista's situation from that in *Cazares*. First, the evidence refutes Bautista's assertion that he lived "with several other adults." Instead, it indicates that he lived with only one other adult, his wife, along with his children. Although during the execution of the search warrant two other adults were present, claiming to be a cousin and a friend, neither resided at the house and no connection has been established between them and the weapons or the drugs. Second, unlike Cazares, Bautista stated to police investigators prior to arrest that everything in the house belonged to him and his family. Third, whereas in *Cazares* the government was unable to prove that the defendant had access to the room where the weapons were found, here the weapons were in common areas; one was found in a cabinet in the family room and the others in the attic above the garage.

Together, these factors establish a sufficient connection between Bautista and the weapons to support an inference that he had control over them. *Cf. id.* at 1245. Therefore, the district court did not commit clear error in imposing the sentence enhancement.

AFFIRMED.