**Donald PORFILIO, Petitioner–
Appellant,**

v.

**Susan HUBBARD, Warden,
Respondent–Appellee.**

No. 00–56340.

D.C. No. CV–99–02912–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided June 14, 2001.

Before McKEOWN and FISHER, Circuit Judges, and HAGEN,[1] District Judge.

## MEMORANDUM [2]

Donald Porfilio, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his jury trial conviction for second degree murder. We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo, *see Laboa v. Calderon,* 224 F.3d 972, 976 (9th Cir.2000), and we affirm.

Porfilio contends that the admission at trial of his inculpatory statements to a police detective without an attorney present violated his due process rights because he made the statements absent a knowing, intelligent and voluntary waiver of his *Miranda* rights. We conclude that the state courts' rulings that there was no violation of Porfilio's *Miranda* rights because he impliedly waived them were neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law," as is required for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor,* 529 U.S. 362, 385–86, 120 S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000).

In order for a confession obtained during a custodial interrogation to be admissible, any waiver of one's *Miranda* rights must be voluntary, knowing and intelligent. *See Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1629–30, 16 L.Ed.2d 694 (1966). In *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the Supreme Court determined that a waiver of *Miranda* rights need not be express: "[I]n at least some cases waiver can be clearly inferred from the actions and words of the person interrogated." 441 U.S. at 373, 99 S.Ct. at 1757. The Supreme Court has explained that "[t]he question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case." *Id.*

■ To solicit a waiver of *Miranda* rights, the law does not require a police

---

1. The Honorable David Warner Hagen, United States District Court Judge for the District of Nevada, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

officer to use a waiver form or to ask explicitly whether the defendant intends to waive his rights. *See United States v. Cazares,* 121 F.3d 1241, 1244 (9th Cir. 1997). Where an officer confirms that a person in a custodial interrogation setting understands his rights, such confirmation is sufficient to establish that person's knowledge of his rights. *See id.* "[A] defendant's subsequent willingness to answer questions after acknowledging his *Miranda* rights is sufficient to constitute an implied waiver." *Burket v. Angelone,* 208 F.3d 172, 198 (4th Cir.2000) (citation omitted); *see also Cazares,* 121 F.3d at 1244; *United States v. Velasquez,* 626 F.2d 314, 320 (3d Cir.1980); *United States v. Stark,* 609 F.2d 271, 272–73 (6th Cir. 1979)(per curiam).

■ Although the police detective questioning Porfilio did not explicitly ask Porfilio if he wished to waive his *Miranda* rights, the detective did ask Porfilio whether he understood his *Miranda* rights and Porfilio answered "uh ... yeah" and continued speaking with the detective. Later in the interview, Porfilio confirmed that the detective read him his rights and that he understood them. The state courts found that such behavior constituted a valid implied waiver of Porfilio's *Miranda* rights. This court cannot say that such findings are "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Accordingly, we affirm the district court's denial of Porfilio's petition for a writ of habeas corpus.

AFFIRMED.