**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Antonio ZEPEDA–ARMENTA, Defendant–Appellant.**

No. 01–50139.

D.C. No. CR–00–02978–MLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Withdrawn from Submission Nov. 15, 2001.

Resubmitted April 30, 2002.

Decided June 5, 2002.

---

* Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Before BRIGHT,* KOZINSKI, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

As the facts are known to the parties, we do not recite them here except as necessary to explain our decision.

Zepeda–Armenta argues that the district court improperly curtailed his cross-examination of Agent Zenteno, who served primarily as a translator during Agent Sullivan's interrogation of Zepeda–Armenta. Zepeda–Armenta argues that because Zenteno spoke to him directly in his native language, Zenteno, rather than Sullivan, was in the best position to show that Zepeda–Armenta's *Miranda* waiver was not knowing, intelligent and voluntary. We reject Zepeda–Armenta's argument that a translator is a more reliable witness than the speaker who speaks through the translator. *Cf. United States v. Nazemian,* 948 F.2d 522, 528 (9th Cir.1991) (agent's testimony as to defendant's statements, which agent heard only through a translator and not from defendant directly, did not violate confrontation clause because translator was a "mere language conduit").

Zepeda–Armenta complains that he was prejudiced because he was unable to pursue his cross-examination of Zenteno to develop his theory that Zepeda–Armenta was under the influence of heroin when he waived his *Miranda* rights. However, Zenteno had already testified on direct examination that Zepeda–Armenta ap-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

peared to be alert and coherent and not under the influence of narcotics. Additionally, having questioned Sullivan and having had the opportunity to create a foundation for further questioning of Zenteno, Zepeda–Armenta's counsel failed to recall Zenteno. Further, Zenteno testified that at the end of the interrogation that Sullivan, Zepeda–Armenta and Zenteno all reviewed Sullivan's notes and agreed that they were accurate. In light of the fact that the attorney voluntarily passed on the opportunity to further question Zenteno, and the fact that Zepeda–Armenta does not articulate precisely what additional evidence he sought from Zenteno, we cannot find that the district court abused its discretion in curtailing Zepeda–Armenta's cross-examination of Zenteno. "A limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant...." *United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir.1999). The district court's ruling did neither.

Zepeda–Armenta's argument that 21 U.S.C. § 960 is facially unconstitutional is foreclosed by our decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002). *See also United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc).

We also reject Zepeda–Armenta's argument that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment did not allege the type and quantity of drug. Zepeda–Armenta pled guilty to importing 27.2 kilograms of marijuana. A guilty plea "conclusively admits all factual allegations of the indictment. The effect is the same as if appellant had been tried before a jury and had been found guilty on evidence covering all of the material facts." *United States v. Cazares,* 121 F.3d 1241, 1246 (9th Cir.1997) (cita-

tions and internal quotation marks omitted). The statute under which Zepeda–Armenta pled, 21 U.S.C. § 960(b)(4), provided a maximum penalty of five years for the offense of which he was convicted. The maximum penalty for any offense under § 960 is 20 years. § 960(b)(3). The district judge sentenced Zepeda–Armenta to 12 months and one day. Thus, his sentence was "within the statutory range for the crime to which [he] pleaded guilty" and, accordingly, did not violate *Apprendi. United States v. Silva,* 247 F.3d 1051, 1060 (9th Cir.2001).

AFFIRMED.