**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Aaron CASTRO–CARDENAS,**
**Defendant—Appellant.**

**No. 01–50555.**

**D.C. No. CR–01–01183–HDM.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2002.*

Decided June 6, 2002.

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,** District Judge.

** The Honorable Susan R. Bolton, United States District Court for the District of Arizona, sitting by designation.

MEMORANDUM ***

Defendant Aaron Castro–Cardenas appeals his convictions for importing 28.4 kilograms of marijuana into the United States, 18 U.S.C. §§ 952 and 960, and for possessing the 28.4 kilograms of marijuana with the intent to distribute it, 18 U.S.C. § 841(a)(1). We affirm.

■ Defendant first argues that his statements to Customs agents should have been suppressed at trial because Defendant did not expressly waive his *Miranda* rights. The Spanish-language form the agents used did not include the word "waiver." Nevertheless, Defendant was advised orally of all his *Miranda* rights and provided with a form explaining those rights in Spanish. Defendant initialed each advisement and answered "yes" when asked, "Are you willing to answer some questions?" The district court did not err in finding that Defendant's waiver was knowing and voluntary in the circumstances. *See United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997) (noting that a waiver of *Miranda* rights requires neither a waiver form nor an explicit question regarding waiver).

Defendant also argues that his importation conviction cannot be sustained because he was never free from official restraint while in the United States. Thus, he argues, the government cannot prove "entry" into the United States. "Entry," as Defendant uses the word, is a term of art that we have restricted to the immigration context; "entry" is not necessary to sustain an importation conviction. *United States v. Carranza*, 289 F.3d 634, 642 (9th Cir.2002).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Next, Defendant contends that § 841 and § 960 are unconstitutional after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As to § 841, this court foreclosed that argument in *United States v. Buckland,* 289 F.3d 558, 571 (9th Cir.2002) (en banc) (as amended), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). As for § 960, *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002), affirms its constitutionality after *Apprendi.*

■ Defendant further challenges his conviction because drug type and amount were neither charged in the indictment nor included in the instructions. Mens rea as to drug type and amount need not be proved, as long as the government proves that the defendant knew that the substance imported or possessed was a controlled substance. *Apprendi* does not change this rule. *Carranza,* 289 F.3d 634, 643.

Finally, Defendant argues that the district court erred by not applying a four-level downward adjustment for "minimal" participation. U.S.S.G. § 3B1.2(a). Instead, the court decreased Defendant's offense level by two levels to reflect that Defendant was a "minor" participant. We review for clear error the district court's decision to apply the adjustment for minimal or minor participation. *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000).

■ Explaining the reasons for the "minor" versus "minimal" participation adjustment, the district court noted that Defendant was the driver and sole occupant of the vehicle carrying the marijuana. On this record, the district court's decision to apply the two-level adjustment from § 3B1.2(b) instead of the four-level adjust-

ment from § 3B1.2(a) was not clearly erroneous.

AFFIRMED.