**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raul PACHECO–DUARTE,**
**Defendant—Appellant.**

**Nos. 02–10208, 02–10211.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 27, 2002.*

Decided April 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Raul Pacheco–Duarte pled guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846, and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1) and (h). He appeals from his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pacheco–Duarte challenges the district court's two-level enhancement for possession of a dangerous weapon in connection with a conviction for drug trafficking under U.S.S.G. § 2D1.1. We review for clear error the district court's finding by a preponderance of the evidence that Pacheco–Duarte possessed the gun in connection with the drug conspiracy. *See United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997). The gun was found in Pacheco–Duarte's residence, in the nightstand of a bedroom containing Pacheco–Duarte's personal documents and clothing that would have fit him. It was not clear error to conclude that Pacheco–Duarte possessed the gun.

Pacheco–Duarte also challenges the district court's two-level enhancement because he was a manager or supervisor of the drug trafficking organization under U.S.S.G. § 3B1.1(c). First, the district court did not abuse its discretion in relying on the hearsay evidence of his role. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001). The general description of his role was corroborated by testimony at the sentencing hearing, and there was ample physical evidence for further corroboration. Second, the district court did not clearly err in concluding that he was a

manager or supervisor. *See United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000). The court relied on evidence that Martin Balderrama managed a marijuana stash house for Pacheco–Duarte, as well as the testimony of Agent Jesus Lopez that another codefendant told him he was the middleman between Pacheco–Duarte and another codefendant. Additional evidence connected Pacheco–Duarte to the receipt of large sums of money, such as the $800,000 in unexplained income over a three-year period. "[P]ersons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it." U.S.S.G. § 3B1.1, Background to Application Notes; *United States v. Avila,* 95 F.3d 887, 891 (9th Cir. 1996).

AFFIRMED.

---

* Hon. David C. Bury, U.S. District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.