**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Andrew Dean PATTON, Defendant—Appellant.**

No. 04–30509.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 2005.

Decided Aug. 30, 2005.

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff—Appellee.

Dawn Reynolds, Esq., Attorney at Law, Dallas, OR, for Defendant—Appellant.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Andrew Dean Patton appeals his conviction and sentence for possession of a listed chemical with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm his conviction. We remand his sentence under *United States v. Ameline.*[1] Because the parties are familiar with the facts, we do not recount them here.

The district court properly found that Patton was not entrapped as a matter of law.[2] The evidence did not show that the Government induced Patton to engage in criminal activity.[3]

The district court properly admitted the testimony of two Government agents regarding statements Patton made while in custody.[4] Patton's waiver of his *Miranda* rights did not have to be in writing.[5] Nor did the Government agents have to record Patton's confession in order for their testimony about it to be admissible.[6] Moreover, Patton's waiver of his *Miranda* rights and his confession were voluntary because the record does not show that the Government agents obtained his confession "by physical or psychological coercion or by improper inducement." [7]

Because the Government agents properly seized the flashlight from Patton's car,[8] they did not need a warrant to conduct the subsequent search of the flashlight.[9] No authority establishes that the nearly one-year interval between the inventory search of the car and the search of the flashlight made the latter search unreasonable.[10]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 409 F.3d 1073 (9th Cir.2005).

2. *See United States v. Si,* 343 F.3d 1116, 1125 (9th Cir.2003) (stating that we review a district court's decision to preclude a defendant's entrapment defense de novo).

3. *See United States v. Smith,* 802 F.2d 1119, 1124 (9th Cir.1986).

4. Patton did not challenge the admission of the agents' testimony on the grounds that his waiver was not in writing and his confession was not recorded before the district court. Thus, we review these arguments for plain error. Fed. R.Crim. P. 52(b). We review the voluntariness of his waiver of rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the voluntariness of his confession de novo. *United States v. Cazares,* 121 F.3d 1241, 1243 (9th Cir.1997); *United States v. Benitez,* 34 F.3d 1489, 1495 (9th Cir.1994).

5. *North Carolina v. Butler,* 441 U.S. 369, 375–76, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Cazares,* 121 F.3d at 1244.

6. *See United States v. Coades,* 549 F.2d 1303, 1305 (9th Cir.1977).

7. *United States v. Bautista,* 362 F.3d 584, 589 (9th Cir.2004) (internal quotation marks and citations omitted).

8. *See Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

9. *United States v. Johnson,* 572 F.2d 227, 234 (9th Cir.1978).

10. *See United States v. Johns,* 469 U.S. 478, 487–88, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985) (holding that a warrantless search of packages that occurred three days after their removal from a vehicle was not unreasonable); *Johnson,* 572 F.2d at 229, 234 (upholding a subsequent vehicle search that occurred two weeks after the initial vehicle search).

Thus, any error the district court committed by admitting evidence after such a period of time was not plain.[11] Accordingly, we affirm Patton's conviction.

Finally, we cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the United States Sentencing Guidelines were advisory, as the Supreme Court held in *United States v. Booker.*[12] Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[13] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

11. Because Patton did not raise a Fourth Amendment challenge to the admission of the evidence before the district court, we review for plain error his argument that the unreasonable search of his car and the flashlight rendered the admission of the evidence improper. FED. R.CRIM. P. 52(b).

12. —— U.S. ——, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005).

13. *See Ameline,* 409 F.3d at 1084.

