**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rodilet RODRIGUEZ–HERNANDEZ,
Defendant—Appellant.**

No. 05–50077.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2005.*

Filed Aug. 16, 2006.†

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

† Opinion withdrawn and superseded on rehearing. See 2007 WL 135686.

Carol A. Trujillo, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Esq., Kara Persson, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WARDLAW and PAEZ, Circuit Judges, and SINGLETON **, District Judge.

## MEMORANDUM ***

Rodilet Rodriguez–Hernandez ("Rodriguez") appeals his conviction, and the sentence imposed, for attempting to enter the United States after deportation, in violation of 8 U.S.C. § 1326, and for fraud and misuse of entry documents, in violation of 18 U.S.C. § 1546(a). We affirm.

1. Rodriguez contends that the district court abused its discretion in declining to conduct an evidentiary hearing on his motion to suppress. A defendant seeking an evidentiary hearing must "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir.2000). Where the defendant's factual representations, "if proved, would allow the court to suppress the confession," an evidentiary hearing must be conducted. *Id.* at 621. Where the defendant fails to meet the *Howell* standard, however, the district court may deny the motion without a hearing.

In support of his claim that the *Miranda* warnings he was given were inadequate, Rodriguez submitted a declaration that stated:

> After I was arrested by the agents on November 20, 2003, they took me back to their station. Then they read me some rights from a form. I did not understand that I had the right to be appointed an attorney to represent me before I answered the agents' questions, or that the government would pay for a lawyer.

This "boilerplate" and "conclusory" declaration was not sufficiently specific to create a contested issue of fact. *Id.* at 621. It failed to point to any shortcoming in the particular warnings given; to explain how Rodriguez was personally misled or confused by the language of those warnings; or to dispute the officers' declarations that Rodriguez was read *Miranda* warnings, advised that he could stop the interview at any point if he wanted a lawyer, and stated at the time that he understood those rights before waiving them.

The district court was not required to give weight to Rodriguez's proffered translation of the warnings because it lacked foundation. Defense counsel did not provide the court with information about the source or accuracy of the translation or the expert credentials of the translator. *See United States v. Bailon–Santana*, 429 F.3d 1258, 1260–61 (9th Cir.

** The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2005) (discussing the necessity for certified or court-qualified translators).

■ Rodriguez's simple, conclusory declaration that he "did not understand" his right to appointed counsel also failed to establish a significant material dispute about whether his waiver was voluntary, knowing, and intelligent. Rodriguez was advised of his rights in Spanish; he stated at the time that he understood each of the rights; he signed a written waiver of rights; and he had prior experience with the American criminal justice system. *See United States v. Garibay,* 143 F.3d 534, 538 (9th Cir.1998). These factors indicate that Rodriguez "was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it.' " *Id.* at 536 (quoting *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986)). Nor does Rodriguez's declaration call into question the evidence presented by the Government that his waiver was free of coercion and voluntary. *See United States v. Cazares,* 121 F.3d 1241, 1244 (9th Cir.1997) (as amended) (noting that a statement given after explanation of the *Miranda* rights, absent "evidence that the officers coerced or misled" the suspect into confessing, meets the constitutional requirement for voluntariness).

Therefore, the district court's refusal to hold an evidentiary hearing on the adequacy of the *Miranda* warnings or the constitutionality of the waiver was not an abuse of discretion.

■ 2. The district court's admission of a certificate of non-existence of record, proffered by the Government as evidence to demonstrate that Rodriguez had not been granted permission to reapply for admission to the United States, did not violate the Confrontation Clause. *United States v. Cervantes–Flores,* 421 F.3d 825, 831–34 (9th Cir.2005), *cert. denied,* —

U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006).

■ 3. Rodriguez's claim that Ninth Circuit Pattern Jury Instruction No. 9.5 misstated an element of the offense because, Rodriguez alleges, it allowed the jury to convict him if the Attorney General had consented to his reapplying for admission but not to his entry, is also foreclosed by our decision in *Cervantes–Flores. Id.* at 834–35.

■ 4. Finally, Rodriguez alleges that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Sixth Amendment. We have held otherwise. The exception for prior convictions, established by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), applies even when the prior conviction is not admitted during the plea colloquy nor proven to the jury beyond a reasonable doubt. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2001) (as amended). Relatedly, the date of an alien's prior deportation falls within the *Almendarez–Torres* exception and need not be found separately by a jury. *United States v. Salazar–Gonzalez,* 445 F.3d 1208, 1215 (9th Cir.2006). *Almendarez–Torres* has not been overruled by more recent Supreme Court cases, *see United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006), nor has *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), undermined the viability of relying on *Almendarez–Torres* in § 1326 proceedings, *see United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

**AFFIRMED.**