**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ricky Loren BLACKBIRD,**
**Defendant—Appellant.**

No. 06–30326.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed May 1, 2007.

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff-Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant-Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: B. FLETCHER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Appellant Blackbird was convicted of six gun and drug charges in the district court. On appeal, he argues that there was not sufficient evidence to convict him of four of the charges, including one count of drug possession and three counts of gun possession. He also argues that the district court unconstitutionally limited his cross-examination of one witness. We disagree and affirm.

■ Possession can be actual or constructive. *See United States v. Cazares*, 121 F.3d 1241, 1245 (9th Cir.1997). "To prove constructive possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (internal quotation marks omitted). Although this is a close case, we believe that a rational jury could infer from the evidence that appellant exercised dominion and control over the gun and drugs. Appellant lived in the basement where the safe—which contained the items at issue here—was found, and the two other residents of the house denied owning the items. In combination, this evidence was sufficient for a jury reasonably to infer that appellant constructively possessed the gun and drugs.

■ Appellant's Confrontation Clause claim must also fail. Confrontation Clause violations are subject to harmless error review. *Barajas v. Wise*, 481 F.3d 734, 740-41 (9th Cir.2007). Here, all of the

by 9th Cir. R. 36-3.

evidence that appellant wished to elicit through cross-examination was already admitted into the record through other means. Because this evidence was already in the record, any error in the district court's decision to curtail cross-examination of the witness was rendered harmless.

**AFFIRMED.**