**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto MEZA–ARECHIGA,**
**Defendant—Appellant.**

**No. 06–30468.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2007.*

Filed July 23, 2007.

Monte Stiles, Esq., Alan G. Burrow, Esq., USBO–Office of the U.S. Attorney MK Plaza, Plaza IV, Boise, ID, for Plaintiff–Appellee.

Paul E. Riggins, Strother Law Office, Boise, ID, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK ***, Senior Judge.

MEMORANDUM ****

Gilberto Meza–Arechiga appeals the sentence imposed following his guilty plea conviction of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm his sentence in part and reverse in part.

█ The district court did not clearly err by finding Meza played a supervisory role in the conspiracy and correctly increased Meza's offense level by two for his role. *See* U.S.S.G. § 3B1.1(c). Meza admitted his partnership with conspiracy leader Maria Vidriezca–Guzman, who described him as her "right hand man" in the extensive drug ring. Meza also procured a quarter pound of methamphetamine from various suppliers every week, transported pound quantities of methamphetamine from California and supplied other conspiracy members with methamphetamine. *See United States v. Varela,* 993 F.2d 686, 691 (9th Cir.1993). Meza's argument that the government must prove he supervised another person for the enhancement to apply is foreclosed by *United States v. Ingham,* 486 F.3d 1068, 1076 (9th Cir.2007).

*** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

█ The district court clearly erred in finding Meza possessed a firearm during the commission of a drug conspiracy under U.S.S.G. § 2D1.1(b)(1) because "it is pure speculation" whether Meza ever had possession or dominion of the semi-automatic pistol found at the residence he shared with another person not linked with the conspiracy. *See United States v. Cazares,* 121 F.3d 1241, 1245–46 (9th Cir.1997). Because the government did not introduce evidence that the other resident was a member of the conspiracy, that Meza was connected to the pistol by stipulation of ownership or fingerprints, or that the pistol was found in a part of the residence occupied by Meza, "it cannot be found by a preponderance of the evidence" that Meza, rather than the other occupant, had possession of the pistol. *See id.* Accordingly, we remand for resentencing. *Id.* at 1246.

The district court applied the correct evidentiary standard to its findings. The enhancements did not more than double Meza's sentence. *See United States v. Riley,* 335 F.3d 919, 927 (9th Cir.2003).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.