**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30221 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00386-SI-1 |
| v. | |
| ADAN TORRES-NIEVES [**], | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 29, 2020[***]
Portland, Oregon

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Appellant states the correct spelling of his name is Torres-Nieves, not Torres-Nievez, the spelling used by the government and district court.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Torres-Nieves appeals the district court's denial of his motion to suppress and its determination that the government did not breach the plea agreement when it argued for an application of the firearm enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Torres-Nieves's motion to suppress the statements he made after he was transported to the police station. Torres-Nieves does not challenge the district court's findings that, after the police first stopped him, he was read his *Miranda* rights, he understood his rights, and he did not ask for counsel. Because defendants who have been informed of their *Miranda* rights may waive those rights without making "an explicit statement of waiver" if they respond to questioning, *North Carolina v. Butler*, 441 U.S. 369, 375–76 (1979); *accord United States v. Younger*, 398 F.3d 1179, 1185–86 (9th Cir. 2005), Torres-Nieves waived his *Miranda* rights by making statements during the subsequent interview at the police station. Because it is undisputed that Torres-Nieves understood his rights, Torres-Nieves's waiver was knowing, intelligent, and voluntary. *See United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir. 1997).

The district court did not err in concluding that the plea agreement did not bar the government from arguing for a two-level upward adjustment to the sentencing guidelines, under U.S. Sent'g Guidelines Manual § 2D1.1(b)(1), for

2

Torres-Nieves's possession of a firearm. Because paragraphs 11 and 14 of the plea agreement (stating that "[t]he parties have no agreement" as to whether the enhancement applies and that the government agrees not to seek any upward adjustment "except as specified" in the plea agreement) were ambiguous, the district court did not err in considering extrinsic evidence and concluding that the communication between the parties during plea negotiation, showed that the parties reasonably understood that once the plea agreement was accepted, the government could argue for (and Torres-Nieves could argue against) the application of the firearm enhancement. *See United States v. Clark*, 218 F.3d 1092, 1095–96 (9th Cir. 2000); *see also United States v. De la Fuente*, 8 F.3d 1333, 1338–40 (9th Cir. 1993).

**AFFIRMED**