**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AUBREY TAYLOR, AKA Uno,

Defendant-Appellant.

---

Nos. 19-30105
      19-30162

D.C. No.
2:16-cr-00300-RSL-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 6, 2020
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[**]
District Judge.

Defendant Aubrey Taylor timely appeals his convictions for one count of

conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C.

§§ 1591(a)(1) and 1594(c) (Count One); one count of sex trafficking of a minor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

through force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2) (Count Two); and three counts of sex trafficking of an adult by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) (Counts Three, Four, and Five). We affirm in part, vacate the convictions on Counts 1 and 2, and remand.

1. We review de novo the district court's denial of Defendant's motion to suppress the contents of his cell phone and whether the government's delay in seeking a warrant to search the phone was constitutionally reasonable. United States v. Dass, 849 F.2d 414, 415 (9th Cir. 1988). The district court incorrectly denied Defendant's motion to suppress. Considering the totality of the circumstances, the government's 14-month delay in obtaining a warrant to search the phone was unjustifiably long and constitutionally unreasonable. United States v. Sullivan, 797 F.3d 623, 633 (9th Cir. 2015); United States v. Song Ja Cha, 597 F.3d 995, 1000 (9th Cir. 2010).

The error was not harmless beyond a reasonable doubt as to Counts One and Two, which involved H.S., the minor victim. The government repeatedly emphasized a text message Defendant sent from the phone at issue to argue that he knew or recklessly disregarded H.S.'s age. Other evidence supporting Defendant's knowledge or reckless disregard of H.S.'s age was fairly weak. Therefore, reversal

2

of Defendant's convictions for sex trafficking of a minor through force, fraud, and coercion and for conspiracy to engage in sex trafficking of a minor is required. Neder v. United States, 527 U.S. 1, 7 (1999).

2. We review de novo whether Defendant voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and for clear error whether the waiver was knowing and intelligent. United States v. Cazares, 121 F.3d 1241, 1243 (9th Cir. 1997). The district court's denial of Defendant's motion to suppress his statement made while he was in the hospital was proper. Considering the totality of the circumstances, Defendant waived his Miranda rights voluntarily, even though he was in the hospital and on medication at the time. United States v. George, 987 F.2d 1428, 1430–31 (9th Cir. 1993).

3. There was no plain error in qualifying the FBI agent as an expert. United States v. Mendoza-Paz, 286 F.3d 1104, 1112–13 (9th Cir. 2002). The expert witness, who was sufficiently qualified, described her professional experience with pimps; she did not discuss the facts of the case. United States v. Bighead, 128 F.3d 1329, 1330 (9th Cir. 1997) (per curiam). Additionally, the witness did not opine on an ultimate legal issue and thus did not impinge on the jury's function. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004) ("a witness may properly be called upon to aid the jury in understanding the

3

facts in evidence even though reference to those facts is couched in legal terms" (internal quotation marks omitted)).

**Convictions on Counts One and Two VACATED. Convictions on Counts Three, Four, and Five AFFIRMED. REMANDED for re-sentencing**.