HALL, Circuit Judge,
concurring in part and dissenting in part.
I dissent in part from Section V(A) of the amended majority opinion. The majority improperly remands for resentencing under the November 2000 Guidelines without providing any opportunity for the district court to make a factual finding regarding the end date of the conspiracy to manufacture and distribute ecstasy.
I.
If Forrester’s case had gone to trial, a jury would not have needed to determine an end date of the conspiracy in order to convict, and I therefore agree with the majority that the end date was not an “element” of Forrester’s offense of conviction encompassed by his guilty plea. See Amended Maj. Op. at 945-46. At sentencing, however, it was necessary for the district court to determine an end date of the offense of conviction because that date would determine which version of the Sentencing Guidelines applies to Forrester. In our initial opinion, we accordingly remanded for further fact-finding and directed the government “to follow the normal procedure of proving relevant conduct at sentencing by a preponderance of the evidence.” United States v. Forrester, 592 F.3d 972, 988 (9th Cir.2010) (quoting United States v. Cazares, 121 F.3d 1241, 1248 (9th Cir.1997)).
The majority now concludes that the initial remand order was improper because, for purposes of an Ex Post Facto analysis, the Sentencing Guidelines draw a distinction between “the last date of the *951 offense of conviction” — here the end date of the ecstasy conspiracy' — and the last date of “relevant conduct.” U.S.S.G. § 1B1.11 cmt. n. 2. The amended majority opinion states (1) that “the end date of a conspiracy with ex post facto concerns is not ‘relevant conduct’ within the definition of U.S.S.G. § 1B1.3,” Amended Maj. Op. at 946, (2) “caselaw sanctioning a preponderance of the evidence standard to determinations of relevant conduct [is] inapposite,” id. at 947, and (3) “[therefore, because the Guidelines clearly, if not explicitly, indicate that the end date of an offense is in a category of its own for ex post facto purposes ... we remand to the district court for resentencing under the November 2000 Guidelines,” id. at 948. The majority provides no opportunity for the district court to make a factual finding regarding the end date of the conspiracy, under any standard of proof.
II.
In order to determine whether the use of a particular version of the Guidelines violates the Ex Post Facto Clause, the district court must look only to the end date of the offense of conviction. U.S.S.G. § 1B1.11 cmt. n. 2. It may not consider conduct that does not underlie defendant’s conviction, even if that conduct is relevant to determining the applicable Guidelines range. Id. This distinction made in Section 1B1.11 between the end date of offense conduct and the end date of “relevant conduct” does not mean that the district court cannot determine the end date of offense conduct under the usual preponderance of the evidence standard, and it certainly does not mean that the district court must accept defendant’s proffered end date at face value.[1] All this distinction means is that, given two different potential end dates at sentencing, the dispositive date is when the conduct supporting the conviction terminated.
A Tenth Circuit decision cited by Forrester aptly demonstrates the operation of Section 1B1.11. In United States v. Foote, 413 F.3d 1240, 1250 (10th Cir.2005), defendant was convicted of conspiring to sell counterfeit Mont Blanc pens. It was undisputed that the Mont Blanc conspiracy terminated on December 7, 1998. Defendant, however, was also indicted for conspiring to sell a wide range of other counterfeit goods, and the district court determined that the sale of these goods (for which defendant was not convicted), continued until May 18, 2000. Given these two dates, the district court incorrectly applied the Sentencing Guidelines in effect May 2000, and the Tenth Circuit remanded for resentencing under the version in effect December 1998.
Unlike in Foote, in this case we are not faced with the scenario envisioned by Comment 2 of § 1B1.11. There is no need to distinguish between conduct that supported Forrester’s conspiracy conviction and conduct that did not in order to determine which version of the Guidelines should apply. The district court must simply determine when the conspiracy to manufacture and distribute ecstasy terminated in light of the evidence presented by the parties, and this fact should be determined under the normal preponderance of the evidence standard. See United States v. Treadwell, 593 F.3d 990, 1000 (9th Cir.2010) (“Ordinarily, a district court uses a preponderance of the evidence standard of *952 proof when finding facts at sentencing
We have previously held that a district court may determine the “extent” of a conspiracy by a preponderance of the evidence, see id. at 1001; United States v. Riley, 335 F.3d 919, 926-27 (9th Cir.2003); United States v. Harrison-Philpot, 978 F.2d 1520, 1523 (9th Cir.1992), and it seems strange to conclude that the “extent” of a conspiracy does not include its duration. There are no cases in this circuit precluding a preponderance standard for determining the end date of a conspiracy, and a decision by the Eleventh Circuit expressly sanctions this approach. See United States v. Masferrer, 514 F.3d 1158, 1163-64 (11th Cir.2008) (where jury verdict did not establish end date of conspiracy, at sentencing “the court was simply required to find by a preponderance of the evidence that Masferrer conspired to obstruct the SEC in 2002” in order to apply the 2001 version of the Sentencing Guidelines Manual).
The majority provides no explanation for why an “ex post facto analysis,” Amended Maj. Op. at 948, precludes fact-finding under a preponderance of the evidence standard, or for that matter under any other standard of proof. Where serious constitutional concerns have been raised by fact-finding in previous cases, we have simply ratcheted up the standard of proof at sentencing; we have not prohibited fact-finding altogether. See United States v. Zolp, 479 F.3d 715, 718 (9th Cir.2007) (where fact-finding at sentencing resulted in an “extremely disproportionate sentence,” requiring the government to satisfy a “clear and convincing” standard or proof); United States v. Staten, 466 F.3d 708, 717 (9th Cir.2006) (requiring clear and convincing standard where factual finding resulted in fifteen-level enhancement). We have, however, reserved even a modestly heightened standard of proof for particularly egregious case. Even in the face of indisputably serious sentencing consequences, we have concluded that the normal preponderance standard should apply. See Treadwell, 593 F.3d at 1001 (rejecting defendant’s argument that a clear and convincing standard applies, notwithstanding a 22-level increase in the Guidelines range). If constitutional due process only requires a preponderance standard where a factual determination increases the Guidelines range by 24-31 years, see id. at n. 8, Ex Post Facto concerns in this case cannot completely deprive the district court of its fact-finding authority.[2]
III.
The majority’s analysis is also in tension with our holding that the end date of the conspiracy is not an element of Forrester’s offense of conviction. On one hand, the end date of the conspiracy is not a fact necessary for conviction, and we hold that Forrester’s guilty plea leaves open the issue of when the conspiracy terminated for purposes of sentencing. On the other hand, the majority prohibits the district court from making a factual finding on that issue. The net effect seems to be that the end date of the conspiracy is in a peculiar limbo where it is not reached either by a jury conviction, by a guilty plea (unless explicitly pled), or by a district judge at sentencing. Forrester broadly declares that the conspiracy did not last until the effective date of Temporary Amendment, and under the majority’s analysis the district court may not consider the government’s evidence to contrary. I see no compelling reason for hamstring *953 ing Forrester’s prosecution and sentencing with such an anomalous result, and I stand by our initial conclusion that the district court should be permitted to make its requisite factual findings by the normal preponderance of the evidence standard.
IV.
For the foregoing reasons, I dissent in part from the amended majority opinion.

. The majority improperly frames the question in this case as “whether the end date of a conspiracy can be treated as relevant conduct, which [in] turn will determine which Guidelines version applies." Amended Maj. Op. at 946. Instead, the question is what standard of proof a district court should apply in determining the end date of a conspiracy at sentencing, where a defendant’s guilty plea does not expressly address the issue.

. The Temporary Amendment to the Ecstasy Act increases Forrester's total offense level by four points, or approximately 5-15 years in prison, depending on the quantity of ecstasy found to be involved in the conspiracy.